IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RIFENBURG CONSTRUCTION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16cv00003 |
| ) | |
| CITY OF DANVILLE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

COMES NOW Plaintiff/Counter-defendant, Rifenburg Construction, Inc. ("Plaintiff"), by undersigned counsel, and hereby submits its Answer to the Defendant/Counter-plaintiff City of Danville's ("Defendant") Counterclaim in the above-captioned matter, and states as follows:

**NATURE OF THE ACTION**

1. Denied.

**PARTIES**

2. Upon information and belief, admitted.

3. Admitted.

**JURISDICTION AND VENUE**

4. Admitted.

5. Admitted.

FACTS

Relevant Contractual Provisions

6. Plaintiff admits that it entered into the Contract, the terms of which speak for

themselves.

7. The statements contained in Paragraph 6 constitute conclusions of law to which no response is required. Further answering, Plaintiff states that the Contract referenced in Paragraph 7 speaks for itself and must be viewed in the context of its entirety. To the extent a response is required and the allegations are inconsistent with that document or public policy, the allegations in Paragraph 7 are denied and Plaintiff demands strict proof thereof.

8. The statements contained in Paragraph 8 constitute conclusions of law to which no response is required. Further answering, Plaintiff states that Article 7 of the Contract referenced in Paragraph 8 speaks for itself and must be viewed in the context of the entire Contract. To the extent a response is required and the allegations are inconsistent with that document or public policy, the allegations in Paragraph 8 are denied and Plaintiff demands strict proof thereof.

9. The statements contained in Paragraph 9 constitute conclusions of law to which no response is required. Further answering, Plaintiff states that Part 1.05(a) of General Requirement § 01010 referenced in Paragraph 9 speaks for itself and must be viewed in the context of the entire Contract. To the extent a response is required and the allegations are inconsistent with that document, the allegations in Paragraph 9 are denied and Plaintiff demands strict proof thereof.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Plaintiff states that Article 3.2 of the Contract referenced in Paragraph 26 speaks for itself and must be viewed in the context of the entire Contract. To the extent a response is required and the allegations are inconsistent with that document, the allegations in Paragraph 26 are denied and Plaintiff demands strict proof thereof.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**Rifenburg failed to timely complete the Project, and still has not finished its Work**

31. Plaintiff admits that the notice to proceed was effective March 25, 2013, but denies the remainder of Paragraph 31.

32. Plaintiff admits that admit that the City of Danville contends Substantial

3

completion occurred by at least May 31st, but Rifenburg contends it occurred earlier. To the extent Rifenburg's complaint is unclear, Rifenburg will seek leave to amend.

33. Plaintiff admits that a walkthrough was held on June 6, 2014 and that Michael Baker transmitted a punch list on June 9, 2014 with a reference to a thirty day period, but denies the remainder of Paragraph 33.

34. Plaintiff admits that Michael Baker sent a letter on July 23, 2014. Plaintiff states that the July 23, 2014 letter speaks for itself and must be viewed in the context of the parties' contemporaneous correspondence. To the extent a response is required and the allegations are inconsistent with that document, the allegations in Paragraph 34 are denied and Plaintiff demands strict proof thereof.

35. Plaintiff admits that an email sent on or about November 24, 2014 speaks for itself. Plaintiff denies the remainder of Paragraph 35.

36. Plaintiff admits that it has visited the Project site, but denies the allegations and demands strict proof thereof.

37. Denied.

38. Denied.

39. Denied. Further answering, the weather extension has already been granted and failure to rule on weather extensions for over two years constitutes a breach of the contract and waiver.

40. Denied.

## COUNT I-BREACH OF CONTRACT
### (Refund for Exceeding 271-Day Commitment)

41. Plaintiff re-alleges and incorporates Paragraphs 1-40 as if fully set forth herein in response to Paragraph 41.

4

42. Plaintiff admits that the Contract is generally valid and enforceable, but denies that the liquidated damages and related actual damages sections are enforceable, including the purported Revised General Requirement 01010.

43. Denied.

44. Denied.

45. Denied

## COUNT II-BREACH OF CONTRACT
**(Liquidated Damages for Delayed Substantial Completion)**

46. Plaintiff re-alleges and incorporates Paragraphs 1-45 as if fully set forth herein in response to Paragraph 46.

47. Plaintiff admits that the Contract is generally valid and enforceable, but denies that the liquidated damages and related actual damages sections are enforceable, including the purported Revised General Requirement 01010.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT III-BREACH OF CONTRACT
**(Liquidated Damages for Delayed Punch-List Completion)**

52. Plaintiff re-alleges and incorporates Paragraphs 1-51 as if fully set forth herein in response to Paragraph 52.

53. Plaintiff admits that the Contract is generally valid and enforceable, but denies that the liquidated damages and related actual damages sections are enforceable, including the purported Revised General Requirement 01010.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT IV-BREACH OF CONTRACT
### (Actual Costs due to Rifenburg's Delay)

59. Plaintiff re-alleges and incorporates Paragraphs 1-58 as if fully set forth herein in response to Paragraph 59.

60. Plaintiff admits that the Contract is generally valid and enforceable, but denies that the liquidated damages and related actual damages sections are enforceable, including the purported Revised General Requirement 01010.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

The "wherefore" clause sets forth Defendant's requested relief to which no response is required. To the extent a response is required, Plaintiff denies that Defendant is entitled to the relief requested therein.

WHEREFORE, Defendant's Counterclaim should be dismissed with prejudice, and Plaintiff should be granted its costs and such further relief as is just and proper under the circumstances.

6

## AFFIRMATIVE DEFENSES

1. Defendant has failed to state a claim upon which relief can be granted.

2. Defendant's claims are barred, in whole or in part, by the terms of the contractual agreement between the parties.

3. Defendant's claims are barred, in whole or in part, by the Plaintiff's failure to cooperate and deal fairly with Plaintiff.

4. Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

5. Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Defendant's claims are barred, in whole or in part, by the parol evidence rule.

8. Defendant's claims are barred, in whole or in part, by the responses set forth in Plaintiff's Answer.

9. Defendant's claims are barred, in whole or in part, due to the actions of third-parties, including but not limited to Michael Baker.

10. Defendant's claims are barred, in whole or in part, by the Defendant's failure to satisfy conditions precedent.

11. Defendant's claims are barred, in whole or in part, because Defendant first materially breached the Contract.

12. Defendant's claims are barred, in whole or in part, by the liquidated damages clauses being unenforceable or penalties.

13. Defendant's claims are barred, in whole or in part, as they rely upon documents that do not form a part of the Contract.

14. Defendant's claims are barred, in whole or in part, as the purported contract provisions relied on by Defendant conflict with other internal provisions.

15. Defendant's claims are barred, in whole or in part, by the actual damages clauses being unenforceable penalties.

16. Defendant's claims are barred, in whole or in part, by Defendant's failure to mitigate damages.

17. Defendant's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

18. Defendant's claims are barred, in whole or in part, by the doctrine of prevention of performance.

19. Defendant's claims are barred, in whole or in part, by Defendant improperly increasing its alleged damages above contemporaneously assessed damages only to gain a negotiation advantage.

20. Plaintiff reserves the right to asset further affirmative defenses as new information is obtained or developed in this case.

**PRAYER FOR RELIEF**

Plaintiff requests that this Honorable Court deny Defendant's claims outright, dismiss all claims with prejudice, award Plaintiff the cost of its attorneys' fees and costs incurred in defending against these actions, award the costs of this action, and grant such other relief as is just and proper.

Dated: May 17, 2016.	Respectfully submitted,

*Counsel for Plaintiff Rifenburg Construction, Inc.*

/s/ Vivian Katsantonis
Vivian Katsantonis
Mitchell A. Bashur
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Tel: 703-749-1000
Fax: 703-893-8029
vkatsantonis@watttieder.com
mbashur@watttieder.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2016, a true and accurate copy of the foregoing was electronically filed through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Vivian Katsantonis